## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DUMONT TYRONE BUSH,

    *Plaintiff*,

    v.

THE CITY OF ALLENTOWN
POLICE DEPARTMENT,

    *Defendant*.

CIVIL ACTION
NO. 24-6337

### MEMORANDUM OPINION

**SCHMEHL, J. /s/ JLS**                                              **DECEMBER 13, 2024**

    Plaintiff Dumont Tyrone Bush, a *pro se* prisoner currently incarcerated at Lehigh County Prison, initiated this civil action pursuant to 42 U.S.C. § 1983 by filing a complaint against the City of Allentown Police Department.  Bush alleges constitutional violations in connection with the search of his apartment and confiscation of his property at the time of his arrest.  Bush also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Bush leave to proceed *in forma pauperis* and dismiss his complaint after screening it.

## I.    FACTUAL ALLEGATIONS[1]

    Bush alleges that on October 6, 2023, an Allentown Police Department "tactical team" conducted an illegal search of him at gunpoint while using excessive force, causing him to suffer a shoulder injury and loss of monetary property.  (*See* ECF No. 3 ("Compl.") at 5-8.)  He avers that while the Allentown Police Department possessed a search warrant for his apartment, they did

---

[1]    The facts are taken from Bush's Complaint, which consists of a prisoner complaint form as well as additional handwritten pages.  Bush also attaches various exhibits to his complaint.  The Court adopts the pagination supplied by the CM/ECF docketing system.

not have a warrant for his arrest.  (*Id.* at 6-7.)  Based on these facts, Bush alleges claims under the Fourth Amendment.  (*Id.* at 7-8.)  As relief, he seeks monetary and punitive damages for his injuries as well as the return of his seized property.  (*Id.* at 9.)

## II.    STANDARD OF REVIEW

The Court will grant Bush leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Bush is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

---

[2]    Because Bush is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

244 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.    DISCUSSION

Bush asserts Fourth Amendment claims under § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Bush names the City of Allentown Police Department as the sole Defendant in this case.  Following the decision in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality

may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, the Court will dismiss all claims asserted against the City of Allentown Police Department because it is not a proper defendant under § 1983.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Bush leave to proceed *in forma pauperis* and dismiss his Complaint. Considering Bush's *pro se* status, he will be given the option of filing an amended complaint in the event he can name a proper defendant and plead additional facts to

---

[3]   To the extent that Bush intends to raise a Fourteenth Amendment due process claim with respect to the deprivation of his money and property, his claim would nevertheless fail. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Pennsylvania Rule of Criminal Procedure 588(A) provides an adequate post-deprivation remedy for claims related to the seizure of property. That rule provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the court of common pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor." Pa. R. Crim. P. 588(A). Courts in the Third Circuit have held that Rule 588(A) provides an adequate postdeprivation remedy for claims related to the seizure of property. *See McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (stating that "there is no cognizable Fourteenth Amendment procedural due process claim here as the state provided a reasonable post-deprivation process [with Rule 566(a)] to challenge the seizure of property and request its return"); *Lancaster City Bureau of Police*, No. 17-1885, 2021 WL 5987734, at *5 (E.D. Pa. Dec. 16, 2021) (dismissing due process claim based on police officers' failure to return property seized pursuant to a warrant because Pennsylvania provides an adequate postdeprivation remedy with Rule 588(A)).

cure the defects in his claims.[4]  An appropriate Order follows, which offers additional guidance

on amending to the extent Bush wishes to do so.

---

[4]     The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  As indicated by this language, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable."  *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985).  Nevertheless, "what is reasonable depends on the context within which a search takes place."  *Id.*  The elements of a § 1983 claim for unreasonable search and seizure are:  (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances.  *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989).  Although searches generally require probable cause or, at least, reasonable suspicion, there are exceptions including one that permits an arresting officer to perform a search incident to an arrest.  *See generally Birchfield v. North Dakota*, 579 U.S. 438, 455-61 (2016) (discussing the search-incident-to-arrest doctrine).

To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'"  *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

"[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.").  "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'"  *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).